UTICA,
August, 1823

DOE
v.
ROE.

both levied at the same time on the defendant's personal property, which was sold under both, *August 5*, 1822. The property sold for $263,63. Both plaintiffs attended the sale. *Campbell* bid off property to $257,63; and *Farquharson* to $6.

The question was upon dividing the sum raised by the sale between the two executions: whether this should be *pro rata*, or, equally, till the smaller execution should be satisfied.

On this question being submitted by the Sheriff, it was argued in behalf of the plaintiff in the 2d execution, that both plaintiffs acquired an equal interest in the money raised. The superior amount can give no superior rights, till the smaller execution is satisfied; and then the larger execution will be entitled to the residue; that until the smaller execution is satisfied, the proceeds must be equally divided, dollar for dollar. The same lien having been acquired on each execution, and the sale being upon both, the money must be applied equally upon each. Neither execution could have been levied on real property, till the personal was exhausted, and then for the balance only; that the parties bidding did not alter the case, but left them on the same footing, as if the bids had been by third persons. The Court endorsed the following directions to the Sheriff upon the case submitted:

---

### John Doe *against* Richard Roe.

A motion for a new trial, on a feigned issue, to try the question of adultery, ought to be made to the court of chancery.

Feigned issue, ordered by the Chancellor to try the question of adultery, pursuant to the 2d section of the *act concerning divorces*, (2 *R. L.* 197.) A verdict, at the last *Herkimer Circuit*, having been found for the defendant, a case had been made for a new trial, and the cause placed on the calendar of the present term. And now,

*E. Cowen*, for the defendant, moved to strike the same from the calendar, upon the ground that the application should have been made to the Court of Chancery. He said, that in *England* the practice is settled, and the application must be addressed to the Court of Chancery. (*Newland's Ch. Pr. Albany ed.* 179.) There is a peculiar fitness in this course ; because the verdict must be such as will satisfy the conscience of the Chancellor,(*a*) who proceeds by different rules, in granting a new trial, from those which govern in a Court of law.(*b*) In chancery, it is granted, or refused, on comparing the report of the Circuit Judge, with the record of the suit in Equity ;(*c*) an advantage of which a Court of law cannot avail themselves. Besides, the 2d section of the statute, under which this issue was directed, declares that this application may be made to the Chancellor.

*M. Hoffman*, contra, said that applications for a new trial, on feigned issues from Chancery, had frequently been made to this Court, and though opposed by eminent counsel, yet the present objection had never before been heard of. As instances, he referred to *Doe* v. *Roe*, (1 *John. Cas.* 402.) *The Same* v. *The Same*, (*id.* 25.) The latter, he said, was this very case ; and in *Den* v. *Fen*, (1 *Caines' Rep.* 437,) the Court say, " If, in a feigned issue from the Court of Chancery, an inquest be improperly taken, relief *must be sought* in this Court." True, the practice in *England* is as stated on the other side, but it is sufficient for us, that our own has long been settled otherwise. The provision of the statute is not inconsistent with the decisions cited. It is, that the " Chancellor *may* award a new trial of the issue. if he deems it necessary." It so far alters the old practice, as to give him a concurrent right with this Court, in awarding a new trial ; but plainly implies, by this provision being inserted, that the former practice was different, and still leaves it to be pursued, in the election of the party applying.

*Curia.* Applications for a new trial upon these feigned issues, have, in several instances, been made to this Court, without objection : as appears from the cases cited by the

(*a*) Ld. Faulconberg v. Pierce, Ambl. 210, and vid. 9 Ves. 165.
(*b*) Id. and Stace v. Mabbot, 2 Ves. Sen. 552-3.
(*c*) Pemberton v. Pemberton, 11 Ves. 50 to 53. The Warden & Minor Canons of St. Paul's, London, v. Morris, 9 Ves 155, and vid. p. 165, 6, 7, 8.

plaintiff's counsel; and one of those applications was upon a feigned issue to try the fact of *adultery* : but they are also entertained in the Court of Chancery; and the statute seems to contemplate the latter Court, as the proper tribunal for this purpose. Without saying, therefore, whether we have power to hear and determine the motion for a new trial in this cause, we order it to be stricken from the calendar, on the ground, that this is a matter more properly cognizable in the Court of Chancery.

Rule accordingly.